**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| KATHERINE NEDEAU | : |
| | : |
| Plaintiff, | : |
| | : Case No.:  3:26-cv-00797 |
| v. | : |
| | : |
| HANGER PROSTHETICS & | : |
| ORTHOTICS, INC. | : May 21, 2026 |
| | : |
| Defendant. | : |
| | : |

**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

TO THE CLERK OF THE COURT:

PLEASE TAKE NOTICE that Defendant, Hanger, Inc.,[1] ("Hanger"), by and through its undersigned counsel, hereby gives notice of removal of this action from the State of Connecticut Superior Court, Judicial District of New Britain, to the United States District Court for the District of Connecticut, under 28 U.S.C. § 1331, 28 U.S.C. § 1332, 28 U.S.C. § 1441, and 28 U.S.C. § 1446, and states the following in support of such removal:

**I.     STATE COURT ACTION**

1.      Katherine Nedeau ("Plaintiff") commenced a civil action against Hanger in the State of Connecticut Superior Court, Judicial District of New Britain titled *Katherine Nadeau v. Hanger, Inc.,* HHB-CV26-6105704-S, (the "Superior Court Action") by service of a Summons and Complaint on April 22, 2026.

---

[1] The correct legal name for Defendant is Hanger, Inc.

2.      Pursuant to 28 U.S.C. § 1446(a), copies of to the Summons and Amended Complaint served on Hanger in the state court action are included with this Notice of Removal as **Exhibit 1**. No further proceedings have been held therein.

3.      Plaintiff, a former employee of Hanger, alleges that Hanger retaliated against and interfered with her rights in violation of the Family Medical Leave Act (29 U.S.C. § 2615) (FMLA), and the Connecticut Family and Medical Leave Act (Conn. Gen. Stat. § 31-51qq) (CT FMLA).  See **Exhibit 1**.

4.      Under 28 U.S.C. § 1441(a), this Court is the appropriate forum to entertain this Notice of Removal.

5.      Concurrently with the filing of this Notice of Removal, Hanger is providing Notice of Removal to the State of Connecticut Superior Court, Judicial District of New Britain, and to Plaintiff.  A copy of the Notice of Filing Notice of Removal is attached as **Exhibit 2**.

## II.      **GROUNDS FOR REMOVAL: FEDERAL QUESTION JURISDICTION**

6.      Removal is appropriate under federal question jurisdiction and supplemental jurisdiction. 28 U.S.C. § 1331. A party may remove a pending state court action to federal district court if the federal district court would have had original jurisdiction. 28 U.S.C. § 1441. Federal district courts have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331.

7.      Plaintiff's claims under the FMLA arise under the laws of the United States. This Court would have had original jurisdiction over them under 28 U.S.C. § 1331 had this action been filed originally in federal court.

8.     Accordingly, removal is appropriate under 28 U.S.C. § 1441 because the Court has original jurisdiction over Plaintiff's federal claims and all other prerequisites for removal of this case to the District of Connecticut have been fulfilled.

**III.    GROUNDS FOR REMOVAL: DIVERSITY JURISDICTION**

9.     Removal of this action is also appropriate based upon diversity of citizenship under 28 U.S.C. §§ 1332, 1441(b).  As detailed below, there is complete diversity of citizenship between the parties, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  *Id*. § 1332(a)(1).

**A.    Citizens of Different States**

10.     To qualify for diversity jurisdiction, there must be complete diversity between the parties, which means the Plaintiff may not be a citizen of the same state as the Defendant.  *See Pennsylvania Public School Employees' Retirement Sys. v. Morgan Stanley & Co.,* 772 F.3d 111, 117-118 (2d Cir. 2014); *Doe v. Yale Univ.*, 564 F. Supp. 3d 11, 16 (D. Conn. 2021).

11.     Citizenship of Plaintiff.  Citizenship of a natural person is established by domicile. 28 U.S.C. § 1332(a)(1).  Upon information and belief, at the time of filing of the Complaint, and at the time of removal, Plaintiff was, and is, an individual and purports to be a citizen of the State of Connecticut.  See **Exhibit 1** at ¶ 1.

12.     Citizenship of Hanger, Inc.  At the time of filing of the Complaint, and at the time of removal, Hanger was not, and is not, a citizen of the State of Connecticut. A corporation is a citizen of the states in which it was organized and in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); *see Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 1186, 1192-93 (2010) ("principal place of business" of corporation "refers to the place where the corporation's

high-level officers direct, control, and coordinate the corporation's activities," which is often "metaphorically called its 'nerve center'").

13.     At the time of filing of the Complaint, and at the time of removal, Hanger is a corporation organized under the laws of the State of Delaware. See **Exhibit 1** at ¶ 2.  Moreover, Hanger has a principal place of business at 10910 Domain Drive, Suite 300, Austin, Texas. See **Exhibit 1** at ¶ 2.  Therefore, Hanger is a citizen of Delaware and Texas.

14.     In sum, Plaintiff is a citizen of a different state (Connecticut) from Defendant (Delaware and Texas), and thus, diversity of citizenship exists.

**B.     Amount in Controversy**

15.     The amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

16.     Although Defendant disputes Plaintiff's allegations and denies it is liable to Plaintiff, it is clear that the amount *in controversy* in this action exceeds $75,000, exclusive of interests and costs. The Second Circuit has "liberal standards" for determining whether a plaintiff's claim meets the jurisdictional threshold.  *GW Holdings Grp., LLC v. U.S. Highland, Inc.* 794 F. App'x. 49, 51 (2d Cir. 2019).  "A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount."  *Id*. at 50, *quoting Tongkook Am. Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994) (*quoting Moore v. Betit*, 511 F.2d 1004, 1006 (2d. Cir. 1975)).  "This is not an onerous burden."  *Id*., *quoting Scherer v. Equitable Life Assurance Soc'y of U.S.* 347 F.3d 394, 397 (2d Cir. 2003).  Indeed, the Second Circuit recognizes a "rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy."  *Id*., *quoting Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.,* 166 F.3d 59, 63 (2d

Cir. 1999).  In contrast to this relatively low burden, a "party opposing jurisdiction must show a 'legal certainty' that the amount recoverable does not meet the jurisdictional threshold." *Id.* at 51, *quoting Wolde-Meskel*, 166 F.3d at 63.  "It is not easy to do this." *Id.*

17.     In his Complaint, Plaintiff alleges that Hanger retaliated against and interfered with her rights in violation of the FMLA and CT FMLA. Plaintiff seeks money damages including back pay, lost benefits, liquidated damages, front pay, punitive damages, and attorneys' fees.  See **Exhibit 1** at Prayer for Relief.  Plaintiff's rate of pay was $29.36 per hour and had earned as much as $70,000 per year. Plaintiff has been out of work since February 5, 2026, which is about 15 weeks.  Thus, she currently has potential backpay damages of $20,192.  Plaintiff could be entitled to an equal amount of liquidated damages pursuant to the FMLA for an additional $20,192. Plaintiff also seeks front pay and could be awarded up to two years in front pay for $140,000.00, in addition to attorney's fees and punitive damages.  Thus, Plaintiff's demand exceeds the $75,000 jurisdictional threshold.

18.     Based on Plaintiff's allegations of retaliatory discharge and her demand for the above-mentioned categories of damages, the amount in controversy exceeds the jurisdictional requirement of $75,000.

IV.     **TIMELINESS OF NOTICE OF REMOVAL**

19.     Removal of this action is timely as Hanger filed this Notice of Removal within thirty (30) days of date on which Plaintiff served Hanger with a copy of the Summons and Complaint.  See 28 U.S.C. § 1446.

20.     Hanger first received notice of this lawsuit on April 22, 2026, when its agent for service of process received a copy of the Summons and Complaint.  The thirtieth day after April

22, 2026, is May 22, 2026, and therefore removal of this action today is timely under 28 U.S.C. § 1446(b).

21.     By filing this notice, Hanger does not waive any defenses which may be available to it.

## IV.     <u>RELIEF REQUESTED</u>

For the foregoing reasons, Hanger requests that the United States District Court for the District of Connecticut assume jurisdiction over the above-captioned action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial of this action.

Respectfully submitted,

/s/ *Mathew W. Beckwith*

Mathew W. Beckwith, Esq. (ct30683)
LITTLER MENDELSON, P.C.
One Century Tower
265 Church Street; Suite 300
New Haven, CT  06510
Telephone: 203.974.8705
Facsimile: 203.974.8499
mbeckwith@littler.com

## <u>CERTIFICATION</u>

I hereby certify that on this 21st day of May, 2026, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all counsel and pro se parties of records via electronic mail by operations of the Court's electronic filing system, or via first class mail, postage prepaid, to those parties unable to accept electronic filing, including:

James Moher
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, CT 06114
jmoher@cicchielloesq.com

/s/ *Mathew W. Beckwith*
Mathew W. Beckwith (ct30683)

# EXHIBIT 1

**SUMMONS - CIVIL**
JD-CV-1  Rev. 2-22
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

| For information on ADA accommodations, contact a court clerk or go to: *www.jud.ct.gov/ADA.* |
| --- |

STATE OF CONNECTICUT
**SUPERIOR COURT**
*www.jud.ct.gov*

**Instructions are on page 2.**

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**

By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)* | Telephone number of clerk | Return Date *(Must be a Tuesday)* |
| --- | --- | --- |
| **20 Franklin Square, New Britain, CT 06051** | **(860 ) 515 – 5180** | **May 19, 2026** |

| ☒ Judicial District ☐ Housing Session | G.A. ☐ Number: | At *(City/Town)* **New Britain** | Case type code *(See list on page 2)* Major: **M**  Minor: **90** |
| --- | --- | --- | --- |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(if attorney or law firm)* |
| --- | --- |
| **Cicchiello & Cicchiello LLP, 364 Franklin Avenue, Hartford, CT 06114** | **419987** |

| Telephone number | Signature of plaintiff *(if self-represented)* |
| --- | --- |
| **(860 )296 – 3457** | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.  ☒ Yes ☐ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book *(if agreed)* **jmoher@cicchielloesq.com** |
| --- | --- |

| Parties | Name *(Last, First, Middle Initial)* and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
| --- | --- | --- |
| **First plaintiff** | Name: **Katherine Nedeau** <br> Address: **c/o 364 Franklin Avenue, Hartford, CT 06114** | **P-01** |
| **Additional plaintiff** | Name: <br> Address: | **P-02** |
| **First defendant** | Name: **Hanger Prosthetics & Othotics, Inc. - 10910 Domain Drive, Ste 300, Austin, TX 78758** <br> Address: **Agent Details - Corporation Service Company, 225 Asylum Street, 20th Fl, Hartford, CT 06103** | **D-01** |
| **Additional defendant** | Name: <br> Address: | **D-02** |
| **Additional defendant** | Name: <br> Address: | **D-03** |
| **Additional defendant** | Name: <br> Address: | **D-04** |

| Total number of plaintiffs: 1 | Total number of defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |
| --- | --- | --- |

## Notice to each defendant

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date **04/14/2026** | Signed *(Sign and select proper box)* | ☒ Commissioner of Superior Court ☐ _____ Clerk | Name of person signing **James M. Moher, Esq.** |
| --- | --- | --- | --- |

If this summons is signed by a Clerk:

a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.

b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.

c. The court staff is not permitted to give any legal advice in connection with any lawsuit.

d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint.

For Court Use Only
File Date
WILLIAM DREW, JR.
CT STATE MARSHAL
HARTFORD COUNTY

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date | Docket Number |
| --- | --- | --- | --- |

Page 1 of 2

## Instructions

1. *Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.*

2. *If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.*

3. *Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.*

4. *After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.*

5. *Use this summons for the case type codes shown below.*

   *Do not use this summons for the following actions:*

   (a) *Family matters (for example divorce, child support, custody, parentage, and visitation matters)*

   (b) *Any actions or proceedings in which an attachment, garnishment or replevy is sought*

   (c) *Applications for change of name*

   (d) *Probate appeals*

   (e) *Administrative appeals*

   (f) *Proceedings pertaining to arbitration*

   (g) *Summary Process (Eviction) actions*

   (h) *Entry and Detainer proceedings*

   (i) *Housing Code Enforcement actions*

## Case Type Codes

| MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION | MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Property | P 00 | Foreclosure |
| | C 10 | Construction - State and Local | | P 10 | Partition |
| | C 20 | Insurance Policy | | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | C 30 | Specific Performance | | P 30 | Asset Forfeiture |
| | C 40 | Collections | | P 90 | All other |
| | C 50 | Uninsured/Underinsured Motorist Coverage | | | |
| | C 60 | Uniform Limited Liability Company Act – C.G.S. 34-243 | | | |
| | C 90 | All other | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | | | | T 03 | Defective Premises - Private - Other |
| Eminent Domain | E 00 | State Highway Condemnation | | T 11 | Defective Premises - Public - Snow or Ice |
| | E 10 | Redevelopment Condemnation | | T 12 | Defective Premises - Public - Other |
| | E 20 | Other State or Municipal Agencies | | T 20 | Products Liability - Other than Vehicular |
| | E 30 | Public Utilities & Gas Transmission Companies | | T 28 | Malpractice - Medical |
| | E 90 | All other | | T 29 | Malpractice - Legal |
| | | | | T 30 | Malpractice - All other |
| Housing | H 10 | Housing - Return of Security Deposit | | T 40 | Assault and Battery |
| | H 12 | Housing - Rent and/or Damages | | T 50 | Defamation |
| | H 40 | Housing - Housing - Audita Querela/Injunction | | T 61 | Animals - Dog |
| | H 50 | Housing - Administrative Appeal | | T 69 | Animals - Other |
| | H 60 | Housing - Municipal Enforcement | | T 70 | False Arrest |
| | H 90 | Housing - All Other | | T 71 | Fire Damage |
| | | | | T 90 | All other |
| Miscellaneous | M 00 | Injunction | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | M 10 | Receivership | | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | M 15 | Receivership for Abandoned/Blighted Property | | V 05 | Motor Vehicles* - Property Damage only |
| | M 20 | Mandamus | | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) | | V 09 | Motor Vehicle* - All other |
| | M 40 | Arbitration | | V 10 | Boats |
| | M 50 | Declaratory Judgment | | V 20 | Airplanes |
| | M 63 | Bar Discipline | | V 30 | Railroads |
| | M 66 | Department of Labor Unemployment Compensation Enforcement | | V 40 | Snowmobiles |
| | M 68 | Bar Discipline - Inactive Status | | V 90 | All other |
| | M 70 | Municipal Ordinance and Regulation Enforcement | | | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 | | | |
| | M 83 | Small Claims Transfer to Regular Docket | Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | M 84 | Foreign Protective Order | | W 90 | All other |
| | M 89 | CHRO Action in the Public Interest - P.A. 19-93 | | | |
| | M 90 | All other | | | |

RETURN DATE: MAY 19, 2026       :       SUPERIOR COURT

                                :

KATHERINE NEDEAU               :       J.D. OF NEW BRITAIN

                                  :

V.                                         :       AT NEW BRITAIN

                                  :

HANGER PROSTHETICS & ORTHOTICS,       :       APRIL 14, 2026
INC.

## COMPLAINT

**COUNT ONE:**       **Interference in Violation of the Connecticut Family and Medical Leave Act – Conn. Gen. Stat. § 31-51pp**

1.     At all times set forth herein, the Plaintiff, Katherine Nedeau (hereinafter "Plaintiff"), is a resident of the Town of Newington, State of Connecticut.

2.     At all times set forth herein, the Defendant, Hanger Prosthetics & Orthotics, Inc. (hereinafter "Defendant"), is a foreign corporation organized under the laws of Delaware with a principal place of business at 10910 Domain Drive, Suite 300, Austin, Texas, and conducts business in Connecticut.

3.     At all relevant times, Defendant was an "employer" within the meaning of the Connecticut Family and Medical Leave Act, Conn. Gen. Stat. § 31-51kk et seq., and the federal Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA").

4.     Plaintiff began her employment with Defendant on or about October 31, 1994.

5.     Plaintiff worked remotely from her home in Newington, Connecticut.

6.     Plaintiff remained employed by Defendant for approximately thirty years.

7.     Throughout her employment, Plaintiff performed her job duties satisfactorily and met or exceeded Defendant's legitimate expectations.

8.     Plaintiff worked in a role involving coordination of patient services and documentation related to durable medical equipment and prosthetics.

9. Plaintiff's duties included maintaining patient files, verifying insurance coverage, collecting documentation, and submitting materials for approval.

10. In or about September 2021, Plaintiff contracted COVID-19.

11. As a result, Plaintiff developed ongoing medical conditions, including cognitive impairment, memory loss, and difficulty with concentration and recall.

12. Plaintiff remained under medical care and required treatment for these conditions.

13. In or about October 1, 2025, Plaintiff took leave that was approved and protected under the FMLA.

14. Plaintiff remained on FMLA leave through approximately December 31, 2025, which extended into January 2026.

15. At the time Plaintiff took leave, she was entitled to the protections afforded under the FMLA, including the right to reinstatement to the same or an equivalent position.

16. While Plaintiff was on leave, Defendant suspended a Performance Improvement Plan ("PIP") that had previously been imposed.

17. Plaintiff returned to work on or about January 20, 2026.

18. Upon her return, Defendant immediately reinstated the PIP and required Plaintiff to complete the remaining portion within approximately nine days, an unreasonably short and punitive timeframe that undermined Plaintiff's reinstatement and ability to perform her job.

19. Defendant did not provide Plaintiff with a reasonable opportunity to reintegrate into her role following her protected leave.

20. Defendant subjected Plaintiff to heightened scrutiny and adverse treatment immediately upon her return.

21.    Plaintiff requested guidance and assistance to successfully perform her job duties after returning from leave.

22.    Defendant failed to provide meaningful support or a fair opportunity to succeed following Plaintiff's return from FMLA leave.

23.    On or about February 5, 2026, Defendant terminated Plaintiff's employment.

24.    Defendant stated that the termination was based on Plaintiff's alleged failure to complete the PIP.

25.    Defendant's actions interfered with Plaintiff's rights under the FMLA by effectively denying her the full benefit of reinstatement following protected leave, including failing to restore her to the same or an equivalent position with equivalent terms and conditions of employment.

26.    Defendant's actions also discouraged and penalized Plaintiff for exercising her right to take FMLA leave, and would dissuade a reasonable employee from exercising such rights.

27.    Plaintiff's use of protected medical leave was a substantial motivating factor in Defendant's decision to subject her to adverse treatment and ultimately terminate her employment, including the imposition and accelerated enforcement of the PIP immediately upon her return from leave.

28.    Defendant's stated reason for termination was pretextual.

29.    At all times set forth herein, Plaintiff was an "eligible employee" for medical leave under the Connecticut FMLA within the meaning of Conn. Gen. Stat. § 31-51kk.

30.    At all times set forth herein, Defendant was an "employer" within the meaning of Conn. Gen. Stat. § 31-51kk.

31. Plaintiff's medical condition, as set out herein above, constituted a "serious health condition" within the meaning of Conn. Gen. Stat. § 31-51kk.

32. Defendant, through the foregoing conduct, interfered with, restrained, and/or denied Plaintiff's right to leave under the Connecticut FMLA, in violation of Conn. Gen. Stat. § 31-51pp(a)(1).

33. As a result of the foregoing conduct of the Defendant, Plaintiff was caused to suffer lost wages and other consequential damages.

**COUNT TWO:** **Retaliation in Violation of the Connecticut Family and Medical Leave Act – Conn. Gen. Stat. § 31-51pp**

34. Plaintiff repeats and realleges paragraphs 1 through 33 of Count One as if fully set forth herein.

35. Plaintiff engaged in protected activity pursuant to Conn. Gen. Stat. §§ 31-51kk through 31-51qq by taking protected medical leave.

36. Defendant subjected Plaintiff to adverse employment actions, including heightened scrutiny, reinstatement of the PIP under unreasonable conditions, and termination.

37. Defendant terminated Plaintiff's employment motivated by her having engaged in the foregoing protected activity, including her use of protected FMLA leave and her return from such leave, in violation of Conn. Gen. Stat. § 31-51pp.

38. There is a causal connection between Plaintiff's protected activity and Defendant's adverse actions.

39. As a result of the foregoing conduct of the Defendant, Plaintiff has suffered lost wages, lost employment benefits, emotional distress, and other consequential damages.

**COUNT THREE:** **Interference in violation of the Family Medical Leave Act 29 U.S.C. § 2615(a)(1) et seq.**

40. Plaintiff repeats and realleges paragraphs 1 through 39 as if fully set forth herein.

41. Plaintiff was an eligible employee under the FMLA.

42. Defendant was an employer subject to the FMLA.

43. Plaintiff was entitled to leave under the FMLA and took such leave.

44. Defendant interfered with Plaintiff's right to be restored to her position after utilizing FMLA leave by terminating her employment under a false pretext and by failing to restore her to the same or an equivalent position with equivalent terms and conditions of employment.

45. As a result of Defendant's interference, Plaintiff has suffered a loss of wages and employment benefits and will continue to suffer such losses.

46. Defendant's conduct was willful, entitling Plaintiff to liquidated damages pursuant to 29 U.S.C. § 2617.

47. Plaintiff has incurred and will continue to incur attorneys' fees and costs.

**COUNT FOUR:** **Retaliation in violation of the Family Medical Leave Act 29 U.S.C. § 2615(a)(2) et seq.**

48. Plaintiff repeats and realleges paragraphs 1 through 47 as if fully set forth herein.

49. Plaintiff engaged in protected activity by taking FMLA leave.

50. Defendant subjected Plaintiff to adverse employment actions, including heightened scrutiny, reinstatement of the PIP under unreasonable conditions, and termination.

51. Defendant's actions were taken because of Plaintiff's exercise of her FMLA rights.

52. As a result of Defendant's conduct, Plaintiff has suffered a loss of wages and employment benefits and will continue to suffer such losses.

53. Defendant's conduct was willful, entitling Plaintiff to liquidated damages pursuant to 29 U.S.C. § 2617.

54.    Plaintiff has incurred and will continue to incur attorneys' fees and costs.

THE PLAINTIFF
KATHERINE NEDEAU

BY: _____

James Moher, Esq.
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, CT 06114
Phone: 860-296-3457
Fax: 860-296-0676
Email: jmoher@cicchielloesq.com

A TRUE COPY ATTEST:

_____

WILLIAM DREW, JR.
CT STATE MARSHAL
HARTFORD COUNTY

RETURN DATE:  MAY 19, 2026                :          SUPERIOR COURT

                                          :

KATHERINE NEDEAU                          :          J.D. OF NEW BRITAIN

                                          :

V.                                        :          AT NEW BRITAIN

                                          :

HANGER PROSTHETICS & ORTHOTICS,           :          APRIL 14, 2026
INC.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1.  Money damages, including back pay and lost benefits;

2.  Liquidated damages pursuant to 29 U.S.C. § 2617;

3.  Front pay;

4.  Punitive Damages;

5.  Attorneys' fees and costs of this Action; and

6.  All other awardable relief

THE PLAINTIFF
KATHERINE NEDEAU

BY: _____

James Moher, Esq.
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, CT 06114
Phone:  860-296-3457
Fax:  860-296-0676
Email:  jmoher@cicchielloesq.com

A TRUE COPY ATTEST:

WILLIAM DREW, JR.
CT STATE MARSHAL
HARTFORD COUNTY

RETURN DATE:  MAY 19, 2026   :   SUPERIOR COURT

             :

KATHERINE NEDEAU     :   J.D. OF NEW BRITAIN

             :

V.            :   AT NEW BRITAIN

             :

HANGER PROSTHETICS & ORTHOTICS, :   APRIL 14, 2026
INC.

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand exceeds $15,000.00, excluding costs and interests.

THE PLAINTIFF
KATHERINE NEDEAU

BY: _____
James Moher, Esq.
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, CT 06114
Phone:  860-296-3457
Fax:  860-296-0676
Email:  jmoher@cicchielloesq.com

A TRUE COPY ATTEST:

WILLIAM DREW, JR.
CT STATE MARSHAL
HARTFORD COUNTY

# EXHIBIT 2

| | | |
|---|---|---|
| **DOCKET NO: HHB-CV26-6105704-S** | : | **SUPERIOR COURT** |
| | : | |
| **KATHERINE NEDEAU** | : | **JUDICIAL DISTRICT** |
| | : | **OF NEW BRITAIN** |
| **Plaintiff,** | : | |
| | : | **AT NEW BRITAIN** |
| **v.** | : | |
| | : | |
| **HANGER PROSTHETICS &** | : | |
| **ORTHOTICS, INC.** | : | **MAY 21, 2026** |
| | : | |
| **Defendant.** | : | |

### NOTICE TO SUPERIOR COURT OF FILING
### OF NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant Hanger, Inc.[1], today filed a Notice of Removal of this action in the United States District Court for the District of Connecticut. A copy of said Notice is attached hereto as Exhibit A.

This Notice to Superior Court was filed and served pursuant to 28 U.S.C. § 1446(d).

<div style="margin-left: 50%;">

THE DEFENDANT,
Hanger, Inc.

/s/ *Mathew W. Beckwith*

Mathew W. Beckwith
LITTLER MENDELSON, P.C.
One Century Tower
265 Church Street; Suite 300
New Haven, CT  06510
Telephone: 203.974.8705
Facsimile: 203.974.8499
Email:  Mbeckwith@littler.com

</div>

---

[1] The correct legal name for Defendant is Hanger, Inc.

1

2

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of May, 2026, a copy of the foregoing was sent via

email to all counsel and *pro se* parties of record as follows:

James Moher
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, CT 06114
jmoher@cicchielloesq.com

/s/ *Mathew W. Beckwith*
Mathew W. Beckwith

2

 

State of Connecticut Judicial Branch
## Superior Court E-Filing

**Attorney/Firm: LITTLER MENDELSON P.C. (426891)**          **E-Mail: MNATALE@LITTLER.COM**   Logout

**Hide Instructions**                **You have successfully e-filed!**

**Instructions:** The information about the item you filed is on this confirmation page. You must print a copy of this page for your records. Choose **Print This Page** at the top of the page to print your copy.

Choose **E-File Another Pleading/Motion/Other on this Case** to go back to the **Select a Motion** page to choose another document name and file another document.

Choose **Return to Superior Court E-Filing Menu** to go back to the menu page.

Choose **Return to Case Detail** to look at the documents filed in this case or to file a reclaim in this case.

[ Print This Page ]

### Confirmation of E-filed Transaction  (print this page for your records)

| | |
|---|---|
| **Docket Number:** | HHB-CV-26-6105704-S |
| **Case Name:** | NEDEAU, KATHERINE v. HANGER PROSTHETICS & OTHOTICS, INC. |
| **Type of Transaction:** | Pleading/Motion/Other document |
| **Date Filed:** | May-21-2026 |
| **Motion/Pleading by:** | LITTLER MENDELSON P.C. (426891) |
| **Document Filed:** | 101.00 NOTICE OF REMOVAL TO FEDERAL DISTRICT COURT |
| **Date and Time of Transaction:** | Thursday, May 21, 2026 4:22:20 PM |

[ E-File Another Pleading/Motion/Other document on this Case ]

[ Return to Civil / Family Menu ]    [ Return to Case Detail ]

Copyright © 2026, State of Connecticut Judicial Branch